UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY W. HORTON )
5563 St. Charles Drive )
Dale City, VA  22193 )
(703) 580-5279 )
)
                    **Petitioner,** )
)
                                    )   Case: 1:08-cv-00548
)   Assigned To : Friedman, Paul L.
v.                                  )   Assign. Date : 3/26/2008
)   Description: Habeas Corpus/2255
)
)
U.S. PAROLE COMMISSION )
5550 Friendship Boulevard )
Chevy Chase, MD 20815-7286 )
)
                    **Respondent.** )

## PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241

### PETITION

1.   **(a)** Name and location of court which imposed the sentence of conviction you are challenging:

   District of Columbia Superior Court, Criminal Division, Felony Branch, 500 Indiana Avenue, N.W., Washington, D.C. 20001.

2.   **(a)** Date of the sentence:  August 30, 2002 (**See Exhibit 1**).

3.   Length of sentence:  15-45 Months; 1-3 Years (Running concurrently with the 15-45 Months sentence); 180 Days and 180 Days (Running consecutively with each other and consecutive to the 15-45 Months & 1-3 Years sentences).

4.  Nature of offense(s) (all counts): Case Number **F 5534-00, Counts D, E, F, & I.** Count D: Theft I, Count E: Credit Card Fraud, Count F: Theft II, and Count I: Unlawful Entry.

5.  **(a)** What was your plea?  Guilty.

6.  Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

    Yes.

7.  If your answer to Question 6 was "Yes", give the following information:

    **(a)** **(1)** Name of Court:  D.C. Superior Court

    **(2)** Nature of the proceedings:  Rule 35(b) Motion to Modify Sentence and Section 23-110

    **(3)** Grounds raised:  There were no particular grounds raised, Petitioner was merely seeking a reconsideration of his sentence. However, as the Court also construed Petitioner's Motion to Modify Sentence as a 23-110 Motion to Correct, Set Aside or Vacate Sentence, the Petitioner cited Ineffective Assistance of Counsel as grounds for said 23-110 Motion.

    **(4)** Did you receive an evidentiary hearing on your petition, application or motion?  No.

    **(5)** Result:  The motion was denied.

    **(6)** Date of the result:  January 16, 2003.  (**See Exhibit 2**).

    **(b)** As to any second petition, application, or motion, give the same information:

    **(1)** Name of Court:  United States District Court for the District of Columbia.

    **(2)** Nature of the proceedings:  Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.

2

Section 2241. Civil Action No. 04-1326 (PLF).

(3) Grounds raised: Petitioner was seeking credit against his sentence for the time that the Virginia Department of Corrections held him beyond his Mandatory Release Date. Did you receive an evidentiary hearing on your petition, application or motion? No.

(4) Did you receive an evidentiary hearing on your petition, application or motion? No.

(5) Result: The motion was denied. (**See Exhibit 3 — Memorandum Opinion and Order {5 pages}**.

(6) Date of the result: October 28, 2004.

(7) Did you appeal to the highest court having jurisdiction the result of the action taken on any petition or motion? No.

(8) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not?

Petitioner felt that there were no grounds to appeal the denial.

8. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

A. Ground one: **THE UNITED STATES PAROLE COMMISSION HAS IMPERMISSBLY EXTENDED THE PETITIONER'S PAROLE SUPERVISION BY APPROXIMATELY TWELVE (12) MONTHS.**

Supporting FACTS (tell your story briefly without citing cases or law):

3

## BACKGROUND OF THE CASE

On or about August 18, 2000, Mr. Horton was arrested and charged with Burglary II. A preliminary hearing was held on September 13, 2000, in the D.C. Superior Court. Mr. Horton was indicted, and an arraignment was scheduled for August 21, 2001. At that time, however, Mr. Horton faced charges in Fairfax County and Arlington County, Virginia for probation violations. A detainer was lodged with the Sheriff's Department of each respective county. On April 11, 2002, pursuant to a writ of habeas corpus, Mr. Horton was transferred to the D.C. Jail for his appearance in the D.C. Superior Court. Mr. Horton entered a guilty plea to four counts in **Case No. F 5534-00**: Count D - Theft I; Count E - Credit Card Fraud; Count F - Theft II and Count I - Unlawful Entry. It should be noted that the date these offenses were committed was **July 27, 2000.**

On August 30, 2002, Mr. Horton was sentenced to 1-3 Years as to Count D (Theft I); 15-45 Months as to Count E (Credit Card Fraud) [Count D to run concurrently with Count E]; 6 Months as to Count F (Theft II) and 6 Months as to Count I (Unlawful Entry) [Count F to run consecutively with Count I] for a total of 12 Months misdemeanor time to be

4

served Consecutively with Counts D and E.    (**See Exhibit 1 (Sentencing Order)**).

Mr. Horton was eventually committed to the custody of the Attorney General of the United States to be imprisoned for his felony sentences of 15 months to 45 months.    The Bureau of Prisons sent Mr. Horton to the Rivers Correctional Institution in Winton, North Carolina.    On June 15, 2004, Mr. Horton was paroled by the United States Parole Commission after serving approximately seventeen (17) months on his 15-45 months felony sentence. **See Exhibit 4 (Certificate of Parole dated 06/03/2004)**.    Mr. Horton signed off on his CERTIFICATE OF PAROLE ON June 3, 2004.    On or about June 15, 2004, Mr. Horton was transferred from the Rivers Correctional Institution to the D.C. Jail in order to serve his two six months misdemeanor sentences for Criminal Case No. F 5534-00 (Count F-Theft II and Count I-Unlawful Entry).    Mr. Horton was released from the D.C. Jail on or about June 10, 2005, after serving 12 months on the two misdemeanor charges that were a part of his original felony case.    Mr. Horton signed off on a second CERTIFICATE OF PAROLE  (for the same case F 5534-00) on June 10, 2005. **See Exhibit 5 (Certificate of Parole dated 06/13/2005)**.    Upon Mr. Horton's release from the D.C. Jail on June 10, 2005, he began his parole supervision.

Subsequently, after being on parole for approximately nine (9) months, in March 2006, Mr. Horton was re-arrested in Howard County, Maryland and charged with an assortment of fraud and theft charges. In July, 2006, Mr. Horton was convicted of Theft over $500.00 in the Howard County District Court and sentenced to a term of six (6) months. As a result of the arrest and subsequent conviction, Mr. Horton violated the conditions of his Parole and a Parole Warrant was issued as a detainer against him. Upon completion of the six (6) month sentence in Howard County, Maryland, the United States Marshals Service took custody of Mr. Horton in August, 2006 and transported him to the D.C. Jail.

On August 11, 2006, a Parole Revocation Hearing was conducted and Mr. Horton asked for an Advanced Consent to the Expedited Revocation Hearing. The Parole Commission approved Mr. Horton's request for an Expedited Revocation Hearing on September 6, 2006 and ordered the following: (1) Revoke Parole; (2) **none of the time spent on supervision shall be credited**; and (3) serve 16 months incarcerated. **See Exhibit 6 (USPC Advanced Consent to Expedited Revocation).**

The Parole Commission furthered ordered that all of the time that Mr. Horton had spent on Parole (otherwise

6

known as "Street Time") shall be credited. The only time
that Mr. Horton spent on the street on actual parole
supervision was from June 10, 2005 through March 13, 2006,
a total of approximately nine (9) months. However, the
Parole Commission counted the time that Mr. Horton spent in .
the D.C. Jail doing his misdemeanor time of twelve (12)
months for the same case (F 5534-00) as "Street Time" and
tacked on an additional twelve (12) months, thereby
extending Mr. Horton's Parole Supervision by an additional
twelve (12) months.      Mr. Horton was re-paroled to
detaining authorities (Fairfax County, Virginia) on July
12, 2007.   **See Exhibit 7 (USPC Certificate of Parole to
Detaining Authorities)**. Mr. Horton's parole expiration date
is now set for December 3, 2008.

## ARGUMENT

Mr. Horton contends that the United States Parole
Commission has impermissibly extended his parole time by
adding the 12 months he spent in the D.C. Jail serving the
misdemeanor portion of the same felony case he was
originally paroled from. The twelve (12) months that he
spent in D.C. Jail serving the misdemeanor portion of his
sentence was considered to be "Street Time" by the Parole
Commission.    It is well established that a person who is
serving a term of parole from the District of Columbia and

who is free from incarceration serving on parole; all of the time spent free from incarceration in the community is considered "Street Time". Once a parolee violates his parole, none of the time he spent at large in the community ("Street Time") is counted or credited against his original sentence. In this instant case, Mr. Horton was actually released from the D.C. Jail on June 10, 2005, after serving 12 months, wherein he began reporting to his parole officer and serving his parole supervision term.

Mr. Horton was first paroled on June 15, 2004, while he was incarcerated at Rivers Correctional Institution. Although, Mr. Horton was paroled, he was not released to the community to begin serving his term of parole supervision. But rather, Mr. Horton was transported from the Rivers Correctional Institution to the D.C. Jail to begin serving his 12 month misdemeanor sentence in the exact same case that he was paroled on (Case Number F 5534-00). Mr. Horton was released from the D.C. Jail on or about June 10, 2005, wherein after his release, he reported to his United States Parole Officer in Manassas, Virginia. Mr. Horton stayed on the streets on parole from June 10, 2005 until March 13 2006, approximately nine (9) months before he was re-incarcerated again. The nine (9) months Mr. Horton spent in the community on parole is

8

unequivocally considered as "Street Time" and that is the time that the United States Parole Commission should have tacked back on to his sentence once he was re-paroled and not the additional 12 months that was spent in the D.C. Jail and included in the Commission's calculation as "Street Time".

The United States Parole Commission's language is very clear in their Revocation Order.  In the second paragraph of the Commission's Advanced Consent to Expedited Revocation, it states the following:

> "Revoke parole.  None of the time spent
> on supervision shall be credited."

The only time Mr. Horton was on parole supervision was from June, 2005 through March 13, 2006.  From June 15, 2004 (the date the Parole Commission first paroled Mr. Horton), through June 10, 2005 (the date Mr. Horton was released from the D.C. jail) and June 13, 2005 (the date Mr. Horton signed off on his Parole Certificate), Mr. Horton was never under any parole supervision, but rather, was incarcerated in the D.C. Jail serving the misdemeanor twelve (12) months in Criminal Case No. F 5534-00; the exact same felony case he was paroled from.   If this Court is to construe the Parole Commission's wording relative to the sentence in Mr. Horton's Parole Revocation Order, specifically: "None of

9

the time spent of supervision shall be credited"; then that would mean that Mr. Horton only spent the nine (9) months on Parole Supervision and therefore, the Parole Commission should have only tacked on nine (9) months rather than 21 months on Mr. Horton's original sentence.   Mr. Horton's parole supervision should be terminated in April, 2008, rather than December 2008.

**9.**    If any of the grounds listed in **8.** were not previously presented in any other court, District of Columbia or Federal, state briefly what ground were not so presented, and give your reasons for not presenting them.

The Petitioner is <u>not</u> incarcerated and is on active Parole Supervision.   The Petitioner believes that this Honorable Court has jurisdiction over the United States Parole Commission and that there are no other available remedies to resolve his claim that the United States Parole Commission has impermissibly extended his parole supervision by twelve (12) months.

**10.** Do you have any petition or appeal pending in any court, either, District of Columbia or Federal, as to the judgment under attack? Yes ( )      No (**x**).

**11.** Give the name and address, if known, of each attorney who represented you in the following states of judgment attacked herein:

(**a**)  At preliminary hearing:  Unknown.

(**b**)  At arraignment and plea:  Archie Nichols, 1730 K Street, N.W., Washington, D.C. 20036.

(c) At trial: There was no trial.

(d) At sentencing: Same as (b) above.

(e) In any post-conviction proceeding: Gregory W. Horton, pro se.

(f) On appeal from an adverse ruling in a post-conviction proceeding: N/A.

**12.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (**x**) No ( ). The Petitioner was sentenced on four (4) counts in the same Criminal Case No. F 5534-00 Counts D, E, F, and I, and was sentenced on the same day.

**13.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (**x**)

## RELIEF REQUESTED

**WHEREFORE**, for the foregoing reasons, Mr. Horton, Petitioner, pro se respectfully prays that this Honorable Court grant relief to which he is entitled in this proceeding. Specifically, Mr. Horton moves this Honorable Court for an ORDER directing the United States Parole Commission to terminate Mr. Horton's Parole Supervision in April, 2008.

Further, Mr. Horton moves this Honorable Court to consider that if he is correct in his claim that the United States Parole Commission has impermissibly extended his parole supervision, that this matter be expedited since Mr.

Horton's parole supervision would have ended in **April, 2008**.

## VERIFICATION

I, **Gregory W. Horton**, Petitioner, <u>pro</u> <u>se</u>, do hereby certify under the penalty of perjury that the foregoing information contained within this habeas corpus petition is true and correct to the best of my knowledge.

Respectfully submitted,

3/25/2008
DATE

**GREGORY W. HORTON, <u>Pro</u> <u>Se</u>**
5563 St. Charles Drive
Dale City, VA  22193

12

# LIST OF EXHIBITS

## EXHIBITS

## EXPLANATION

**Exhibit 1**

Judgment in a Criminal Case
Case Number F 5534-00

**Exhibit 2** (5 Pages)

Section 23-110 & Rule 35(b) Order
for Case Number F 5534-00

**Exhibit 3** (5 Pages)

Memorandum Opinion and Order for
Civil Action No. 04-1326 (PLF)

**Exhibit 4**

Certificate of Parole (June 3, 2004)

**Exhibit 5**

Certificate of Parole (June13, 2005)

**Exhibit 6**

Advanced Consent to Expedited
Revocation (September 11, 2006)

**Exhibit 7**

Certificate of Parole to Detaining
Authorities (July 12, 2007)

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

GREGORY W. HORTON

JUDGMENT IN A CRIMINAL CASE

Case Number: F 5534-00
PDID No. 206-704

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S): D, E, F, I

☐ WAS FOUND GUILTY ON COUNT (S) _____
AFTER A PLEA OF NOT GUILTY

| Count | Nature of Charges | Title & Section | Date of Offense |
|-------|-------------------|-----------------|-----------------|
| Count D | Theft I | 22-3812(a)) | July 27, 2000 |
| Count E | Credit Card Fraud | 22-3823 | July 27, 2000 |
| Count F | Theft II | 22-3812(b) | July 27, 2000 |
| Count I | Unlawful Entry | 22-3102 | July 27, 2000 |

## SENTENCE OF THE COURT

AS TO COUNT "D" ONE TO THREE YEARS CONCURRENT

AS TO COUNT "E" FIFTEEN MONTHS TO FORTY-FIVE MONTHS

AS TO COUNT "F" (180) ONE HUNDRED AND EIGHTY DAYS CONSECUTIVE

AS TO COUNT "I" (180) ONE HUNDRED AND EIGHTY DAYS CONSECUTIVE

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of

_____ ☐ MANDATORY MINIMUM term of _____ applies

☐ Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

☒ The Court makes the following recommendations to the Bureau of Prisons: INTENSIVE DRUG TREATMENT WHILE INCARCERATED AND WHILE ON SUPERVISED RELEASE

☐ The Defendant is also ordered placed on probation - See page 2 of this order for conditions of probation

Costs in the aggregate amount of $ 200.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☐ have not been paid

August 30, 2002
_____
Date

_____
Judge

PATRICIA A. BRODERICK, Associate Judge
Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d)

August 30, 2002
_____
Date

Lorna Miller
Deputy Clerk

08 0548
**FILED**

MAR 26 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



# EXHIBIT

# 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

UNITED STATES OF AMERICA       :

v.       :    Criminal No.
      :    F-5534-00
GREGORY W. HORTON       :    Closed Case
      :

## ORDER

This matter is before the Court on the defendant's pro se Motion to Modify Sentence and defendant's letters dated September 12, October 28, and October 31, 2002, which the Court together will treat as a pro se Motion for Reduction of Sentence pursuant to Super. Ct. Crim. R. 35(b). In addition, the defendant raises a claim of ineffective assistance of counsel at sentencing. Therefore, the Court will also treat the defendant's letter as a request for reduction of sentence pursuant to D.C. Code § 23-110. On June 19, 2002, the defendant pled guilty to First Degree Theft, Second Degree Theft, Credit Card Fraud, and Unlawful Entry. Thereafter, on August 30, 2002, the Court sentenced the defendant to one to three years for First Degree Theft, and fifteen to forty-five months for Credit Card Fraud to be served concurrently. The Court sentenced the defendant to

**FILED**

MAR 2 6 2003

08 0548    NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**EXHIBIT**

**2**

180 days for Second Degree Theft, and 180 days for Unlawful Entry to be served consecutively.

The defendant now asks the Court to reduce his sentence from forty-five months to three years, and to modify his sentence so that his sentence will run concurrent to the sentence he is serving in Virginia. The Court imposed the defendant's sentence after careful consideration of all relevant factors. The Court continues to believe, after further consideration, that the sentence was fair and reasonable under all of the circumstances presented.

In support of his request for modification of sentence, the defendant claims that his counsel failed to adequately prepare for sentencing. D.C. Code § 23-110(a) provides, in pertinent part, that "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a).

2

**EXHIBIT**

**2**

When a motion is filed pursuant to § 23-110, the Court shall "grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto," unless the Court finds that the motion, files, and records conclusively show that the prisoner could not establish facts warranting relief. See D.C. Code § 23-110(c); see also Pettaway v. United States, 390 A.2d 981, 983-84 (D.C. 1978). In addition, a hearing is unnecessary when the motion consists of (1) vague and conclusory allegations, (2) palpably incredible claims, or (3) allegations that would merit no relief even if true. See Ready v. United States, 620 A.2d 233, 234 (D.C. 1993)(citation omitted).

The standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), must be used to evaluate the defendant's claim of ineffective assistance of counsel at his sentencing. The components of the Strickland test, as explained by the District of Columbia Court of Appeals, are:

> "First, the defendant must show that counsel's performance was deficient....The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." The second requirement is that "the deficient performance prejudiced the defense...."

3

**EXHIBIT**

**2**

Ramsey v. United States, 569 A.2d 142, 147 (D.C. 1990)
(quoting White v. United States, 484 A.2d 553, 558 (D.C.
1984)).

The defendant claims that his counsel did not prepare
adequately for sentencing. He argues that defense counsel
only spoke to him briefly before his sentencing, and then
made false and misleading representations to the Court
during the sentencing proceeding. The defendant also
claims that defense counsel never presented the results of
the Court-ordered drug assessment and evaluation by the
Pretrial Services Agency and the recommendations of the
evaluation. The Court-ordered assessment and evaluation
would have been provided to the Court by the Pretrial
Services Agency regardless of whether or not defense
counsel decided to present the evaluation to the Court.
Furthermore, the Pre-Sentence Report prepared by Court
Services and Offender Supervision Agency for the District
of Columbia did offer recommendations to the Court
regarding the defendant's need for drug treatment.

To show prejudice under Strickland, the defendant must
establish a "reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would
have been different." Woodford v. Visciotti, 123 S. Ct.
357, 359 (2002) (quoting Strickland v. Washington, 466 U.S.

4

**EXHIBIT**

**2**

668 (1984)). At the time of sentencing, the defendant had over thirty-five arrests and fifteen convictions. The courts had placed the defendant on probation in multiple cases with disappointing results. In fact, the defendant was arrested several times during his probation periods. Even if defense counsel did not adequately prepare for sentencing, there is no reasonable probability that the result of the sentencing proceeding would have been different. Based upon the defendant's lengthy criminal history and his unresponsiveness to probation, it is unlikely that additional preparation or a more detailed allocution would have resulted in a lesser sentence. Accordingly, it is this /6ﬀ day of January 2003:

**ORDERED:** that defendant's pro se Motion for Reduction of Sentence pursuant to Super. Ct. Crim. R. 35(b) and D.C. Code § 23-110 be, and it hereby is, **DENIED**.

*Patricia Broderick*

PATRICIA A. BRODERICK
JUDGE
SIGNED IN CHAMBERS

5

**EXHIBIT**

**2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY W. HORTON,              )
                               )
            Petitioner,        )
                               )
    v.                         )       Civil Action No. 04-1326 (PLF)
                               )
STEVE A. SMITH, WARDEN, *et al.*,  )
                               )
            Respondents.       )
                               )

**FILED**

OCT 2 3 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus.

Having considered the petition, the response to the Court's order to show cause, and the entire

record of this case, the Court will deny the petition.

### I. BACKGROUND

In August 2000, petitioner was arrested in the District of Columbia, was charged

with burglary, and was released on his personal recognizance. Pet., ¶ 5. Petitioner was indicted,

and arraignment was scheduled for August 21, 2001. *Id.*, ¶ 7. At that time, however, petitioner

faced charges in Fairfax County and Arlington County, Virginia for probation violations. *Id.* &

Ex. 4 (Violation of Probation)  A detainer was lodged with the Sheriff's Department of each

county. *Id.*, ¶ 8 & Ex. 3 (Detainer).

On August 31, 2001, the Virginia authorities revoked petitioner's probation, and

ordered the execution of the three-year sentence imposed by the Circuit Court of Arlington

**08 0548**

1

**FILED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT 3**

County, Virginia in each of 4 separate criminal cases. Pet., ¶ 9 & Ex. 4 (Violation of Probation in Case Nos. 93-2401, 93-2402, and 93-2403). The Orders directed that each sentence run consecutively to all other sentences. *Id.* Petitioner then was transferred to the Fairfax County authorities for his sentencing in the Circuit Court of Fairfax County. *Id.*, ¶ 10. That court imposed a sentence of three years incarceration, and suspended all but 18 months of the sentence, to be served concurrently with any other sentence petitioner was or would be serving. *Id.* Thereafter, in October 2001, petitioner was transferred back to the Arlington County authorities to serve his combined sentences. *Id.*, ¶ 11.

On April 11, 2002, pursuant to a writ of habeas corpus, petitioner was transferred to the District of Columbia for his appearance in the Superior Court. Pet., ¶ 15-17. Petitioner entered guilty pleas to four counts, and the court imposed sentence. *Id.*, ¶ 14 & Ex. 1 (Judgment in Criminal Case No. F-5534-00).

Petitioner discovered an error in the calculation of his Virginia sentences. Pet., ¶18. Because of an error in the court orders issued by the Circuit Court of Arlington County, Virginia, petitioner was to serve his sentences consecutively, such that he would have served a total of 12 years. *Id.* The error was corrected, such that petitioner would serve his three-year Arlington County sentences concurrently. *Id.*, Ex. 8 (corrected orders dated December 30, 2002). On or about January 13, 2003, staff with the Virginia Department of Corrections recomputed petitioner's combined Virginia sentences. *Id.*, ¶ 22. As a result, petitioner's new mandatory parole release date was September 27, 2002. *Id.*, ¶ 23. Petitioner's release date, taking into account an award of good time credits, was January 15, 2003. Pet., Ex. 25 (April 8, 2004 letter to D.L. Ewing, Manger, Court & Legal Services, Virginia Department of

2

Corrections). It was not until January 15, 2003 that petitioner was transferred to the custody of

the District of Columbia authorities for service of his Superior Court sentences. *Id.*, ¶ 24.

Petitioner contends that there is an error in the computation of his District

sentences. He argues that the beginning date for service of his District of Columbia sentences is

September 27, 2002, the mandatory parole release date of the Virginia sentences, not January 15,

2003, the date on which he physically was transferred to the District's custody.

## II. DISCUSSION

With regard to credit for prior custody,

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[,] that has not been credited against another sentence.

18 U.S.C. § 3585(b). In this action, petitioner demands credit towards service of his District of

Columbia sentences for the days spent in Virginia's custody after September 27, 2002 until his

transfer to the District's custody on January 15, 2003. Pet. at 18. The relief he seeks is not

authorized, however, because all the time he spent in Virginia's custody was credited toward

service of his Virginia sentences. On September 27, 2002, the court orders then in effect did not

authorize his release. By the time the error in the Virginia court orders was corrected, petitioner's

purported mandatory parole release date had passed. Petitioner was not released on parole;

rather, he remained in Virginia's custody serving his Virginia sentences until his discharge on

January 15, 2003. *See* Pet., Ex. 29 (May 10, 2004 letter from D.L. Ewing, Manager, Court and

Legal Services, Virginia Department of Corrections). As of January 15, 2003, he owed no

3

remaining time on the Virginia sentences, and had no outstanding parole obligation in Virginia. *See* Pet., Ex. 26 (April 14, 2004 letter from D.L. Ewing, Manager, Court and Legal Services, Virginia Department of Corrections).

### III. CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing, as he is not entitled to an award of credit toward service of his District of Columbia sentences for any of the time he remained in Virginia's custody. Accordingly, the Court will deny his petition. A separate Order will be issued on this same date.

PAUL L. FRIEDMAN
United States District Judge

DATE: 10/27/04

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY W. HORTON,                    )
                                      )
          Petitioner,                 )
                                      )
     v.                               )          Civil Action No. 04-1326 (PLF)
                                      )
STEVE A. SMITH, WARDEN, *et al.*,     )
                                      )          **FILED**
          Respondents.                )
                                      )          OCT 2 8 2004
                                      )
                                                 NANCY MAYER WHITTINGTON, CLERK
                                                      U.S. DISTRICT COURT

<u>ORDER</u>

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DENIED, and

it is

FURTHER ORDERED that the Court's order to show cause [Dkt. #2] is

DISCHARGED.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 10/27/04

JUN 14 2003

## U.S. Department of Justice
## United States Parole Commission

### CERTIFICATE OF PAROLE
#### District of Columbia Offender
#### Parole to the custody of detaining authorities;
#### D.C. Department of Corrections, to serve the consecutive terms.

Having determined that (1) Horton, Gregory, Register No. 01113-016, (DCDC No. 195-388) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on June 15, 2004 and remain under parole supervision through October 13, 2006. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 2, 2004.

UNITED STATES PAROLE COMMISSION

*Jo-Ann L Kelley*

By: JoAnn L. Kelley, Case Analyst

Docket/Case Number: F5534-00
Initial Risk Category: SFS - 3

### Acknowledgement of Release Conditions
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

### Consent to the Disclosure of Drug/Alcohol Treatment Information
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____ *Gregory W Hort* _____   195-388
Name                                DCDC No.

Witnessed: ___ *Kwan* CASE Manager ___   06/03/04
Name and Title                          Date

The above-named inmate was released on the 15th day of JUNE, 20 04 with a total of 850 days remaining to be served.

**08 0548**

**FILED**

**MAR 26 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT 4

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**
**Parole to the custody of detaining authorities;**
**D.C. Department of Corrections, to serve the consecutive terms.**

Having determined that (1) **Horton, Gregory**, Register No. **01113-016**, (DCDC No. 195-388) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **June 15, 2004** and remain under parole supervision through **October 13, 2006**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 2, 2004

**UNITED STATES PAROLE COMMISSION**

*Jo-Ann L Kelley*

By: **Joann L. Kelley, Case Analyst**

Docket/Case Number: F5534-00
Initial Risk Category: **SFS - 3**

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this **CERTIFICATE OF PAROLE**, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____      195-388
                Name                                      DCDC No.

Witnessed: _____      06/13/05
                Name and Title                          Date

The above-named inmate was released on the _10th_ day of _June_____, 20_05_ with a total of _____ days remaining to be served.

08 0548
**FILED**

MAR 2 6 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Queued: 06-02-2004 15:14:17 BOP-Rivers Correctional Institution | USPO-Eastern District of
Virginia, 1 - Main (Alexandria) |

# EXHIBIT 5

USPC                    9/11/2006  9:00  PAGE 1/9  Fax Server

U.S. Department of Justice
United States Parole Commission                    **Notice of Action**
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HORTON, Gregory                    Institution: D.C. Correctional Treatment Facility
Register Number: 01113-016
DCDC No: 195-388                    Date:    September 11, 2006

## ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on August 11, 2006 and approved by the Commission on 9/6/2006:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a presumptive parole on December 6, 2007 after the service of 16 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Violation of Special Condition (Drug Aftercare)

Charge No. 3 - Failure to Report for Supervision

Charge No. 4 - Law Violation - (a) Theft over $500; (b) Credit card fraud

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

**08 0548**

**FILED**

**MAR 2 6 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

Horton 01113-016
Queued: 09-11-2006 09:58:26 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Eastern District of Virginia, 1 - Main (Alexandria) | USM-District of Columbia - Distric...                    Clerk:  OMG
Columbia, District of Columbia - DC |                    -1-

**EXHIBIT 6**

## REASONS:

Your parole violation has been rated as Category Two severity because it involved credit card fraud less than $2,000. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C As of September 7, 2006, you have been in confinement as a result of your violation behavior for a total of 2 month(s). Guidelines established by the Commission indicate a customary range of 16-22 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

       D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       Eastern District of Virginia
       401 U.S. Courthouse Square
       Alexandria, VA 22314-5704

       Deborah Ritter
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: Sean McLeod

09:03 FAX 3014005525     USPC                                    ☑003

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE TO DETAINING AUTHORITIES
### District of Columbia Offender
**(Detainer From Authority Other Than D.C. Board of Parole or U.S. Parole Commission)**
PAROLE EFFECTIVE JULY 12, 2007 TO THE ACTUAL PHYSICAL CUSTODY OF THE
DETAINING AUTHORITIES
**NOTE: THIS CERTIFICATE IS NULL AND VOID IF THE DETAINER IS NOT
EXERCISED AND IT MUST THEN BE RETURNED TO THE COMMISSION.**

Having determined that (1) Horton, Gregory, Register No. 01113-016, (DCDC No. **195-388**) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on July 12, 2007 and remain under parole supervision through December 3, 2008. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 29, 2007.

UNITED STATES PAROLE COMMISSION

Dawn M Booze-Hill

By: Dawn M. Booze-Hill, Case Services Technician

Docket/Case Number: T-5534-00
Initial Risk Category: SFS: 2.

### Acknowledgement of Release Conditions
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

### Consent to the Disclosure of Drug/Alcohol Treatment Information
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

|  | 195-388 |
| --- | --- |
| Name | DCDC No. |

Witnessed: K. Hardy , Case Manager     6-29-07
Name and Title                          Date

**08 0548**

The above-named inmate was released on the 12th day of July , 20 07 with a total of 510 days remaining to be served.

**FILED**

**MAR 2 6 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Queued: 06-29-2007 09:44:22 BOP-Rivers CI |

**EXHIBIT 7**



Official Certifying Release



Queued: 06-29-2007 09:44:22 BOP-Rivers CI

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

08-548
*PLF*

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| *GREGORY W. HORTON* | *USPC* |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-00548
Assigned To : Friedman, Paul L.
Assign. Date : 3/26/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

⦾ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br><br>**Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | **Immigration**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus- Alien Detainee<br>☐ 465 Other Immigration Actions<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant | ☐ 871 IRS-Third Party 26 USC 7609<br><br>**Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc. | ☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act) |

| ☑ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

---

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)    ☐ YES ☑ NO    If yes, please complete related case form.

**DATE** 3.26.08    **SIGNATURE OF ATTORNEY OF RECORD** *UCD*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd