**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GREGORY HORTON** | : | **Criminal No.  08-548 (PLF)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **U.S. PAROLE COMMISSION** | : | |
| _____ | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO**
**LATE-FILE ITS MOTION TO TRANSFER PETITIONER'S**
**PRO SE PETITION FOR A WRIT OF HABEAS CORPUS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for permission to late-file its Motion to Transfer Petitioner's Pro Se Petition for a Writ of Habeas Corpus.  As grounds for this request, the United States submits the following:

1.  The government's response to Petitioner's petition was due to be filed on June 26, 2008.

2.  The government was unable to file its motion by the due date because undersigned counsel had to leave the District of Columbia in order to address a family medical emergency that arose during the week of June 16, 2008, which caused undersigned counsel to be out of the office until the end of that week.  Undersigned counsel was also unavailable during the week of June 23, 2008, due to pre-scheduled work-related travel.  Undersigned counsel returned to work on Monday, June 30, 2008.   Therefore, due to undersigned counsel's absence from the District of Columbia, the government's motion was not filed by the due date.

WHEREFORE the United States respectfully requests permission to late file its Motion to Transfer Petitioner's Petition for a Writ of Habeas Corpus today, July 9, 2008.

A Proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

JOHN MANNARINO
Chief, Special Proceedings Division
Assistant United States Attorney


_____/s/_____
TRICIA D. FRANCIS
Assistant United States Attorney
Room 10-447
555 4th Street, N.W.
Washington, D.C. 20530
202-353-9870
Tricia.D.Francis@usdoj.gov


CERTIFICATE OF SERVICE

_____I certify that a copy of the foregoing motion was mailed on the \_\_\_9th \_\_\_\_ day of July 2008, to defendant, Gregory Horton, 5563 St. Charles Drive, Dale City, Virginia, 22193.

_____/s/_____
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GREGORY HORTON**           :        **Criminal No.  08-548 (PLF)**
                            :
                            :
            **v.**           :
                            :
                            :
**U.S. PAROLE COMMISSION**   :
_____:


### ORDER

Upon consideration of the Government's Motion for Leave to Late-File Its Motion to

Transfer Petitioner's Pro Se Petition for a Writ of Habeas Corpus, and the reasons stated therein,

it is

ORDERED that the government's motion is granted.

_____                    _____
DATE                                HON. PAUL L. FRIEDMAN
                                    Associate Judge

cc:

Copies to:

Tricia D. Francis
Assistant United States Attorney
Special Proceedings Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
10th Floor
Washington, D.C. 20530

Gregory Horton
5563 St. Charles Drive
Dale City, VA 22193

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GREGORY HORTON                :        Criminal No.  08-548 (PLF)
                             :
                             :
        v.                    :
                             :
                             :
U.S. PAROLE COMMISSION        :
_____:

## GOVERNMENT'S MOTION TO TRANSFER
## PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States Parole Commission, through its attorney, the United States Attorney

for the District of Columbia, hereby moves the Court to transfer petitioner's petition for a writ of

habeas corpus to the United States District Court for the Eastern District of Virginia.  In support

of this motion, the United States submits the following:

### PROCEDURAL HISTORY AND ARGUMENT

On August 30, 2002, a judge in the Superior Court of the District of Columbia ordered

Petitioner to serve a term of 45 months' imprisonment on charges of first-degree theft and credit

card fraud, in Criminal Case No. F-5534-00.  See Exhibit One (Sentence Monitoring

Computation Data).  On January 9, 2004, the United States Parole Commission ("Parole

Commission") ordered that Petitioner be released on parole on June 15, 2004, after serving 17

months.  See Exhibit Two (Notice of Action, January 9, 2004).  Petitioner was placed on parole

on June 15, 2004, and ordered to remain under parole supervision until October 13, 2006.  See

Exhibit Three (Certificate of Parole, June 15, 2004).

On June 1, 2006, the Parole Commission issued a warrant for Petitioner's arrest for committing the following parole violations: 1) Use of Dangerous and Habit Forming Drugs; 2) failure to keep his appointments with a drug aftercare program; 3) failure to report to his supervising officer; and 4) commission of theft and credit card fraud in Howard County, Maryland. See Exhibit Four (Warrant Application, June 1, 2006). The Parole Commission's arrest warrant was executed on August 7, 2006, and a probable cause hearing was held on August 11, 2006, where Petitioner executed a written agreement, in which he requested an expedited revocation decision. See Exhibits Five and Six (Probable Cause Hearing Digest and Advanced Consent to Expedited Revocation Decision of August 11, 2006).[1] Consequently, the Commission revoked Petitioner's parole, denied Petitioner credit for time he had previously spent on parole, and ordered that Petitioner be placed on presumptive parole on December 6, 2007. See Exhibit Seven (Notice of Action, September 11, 2006).

On November 7, 2006, the Parole Commission reopened defendant's case and acknowledged that defendant had been in the custody of the Howard County Department of Corrections between March 13, 2006 and August 7, 2006; therefore, the Parole Commission ordered that Petitioner be re-paroled on July 12, 2007, after serving 16 months' incarceration for his parole violation. See Exhibit Eight (Notice of Action, November 7, 2006).

On July 12, 2007, Petitioner was placed on parole by the Parole Commission, and ordered to remain under parole supervision until December 3, 2008. See Exhibit Nine (Certificate of

---

[1] An "expedited revocation procedure" means that the parolee agrees to the revocation of his parole, without a hearing. By the petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing, consented to the sanction proposed by the Commission, and waived his right to appeal the revocation decision.

Parole, July 12, 2007). However, on February 11, 2008, the Parole Commission issued a parole

violator warrant for Petitioner's arrest for failing to report to his supervising officer. See Exhibit

10 (Warrant Application, February 11, 2008). On February 11, 2008, the Parole Commission

withdraw its warrant and continued to supervise Petitioner's parole. See Exhibit 11 (Notice of

Action, March 20, 2008).

On March 26, 2008, Petitioner filed the instant habeas petition in the U.S. District Court

for the District of Columbia, in which he is alleging that he was denied credit for the 180-day

sentence he had served for the misdemeanor charges that he had acquired in this case. At the

time Petitioner filed his habeas petition with this court, he was under parole supervision in

Virginia. See Exhibits Seven and 11.[2]

## ARGUMENT

This Court should transfer Petitioner's habeas petition to the Eastern District of Virginia

for filing because this Court lacks subject matter and personal jurisdiction over petitioner's

habeas petition. This Court lacks subject matter jurisdiction in this case because Petitioner was

not incarcerated in the District of Columbia when he filed his habeas petition, as required by 28

U.S.C. § 2243. Furthermore, Petitioner's habeas petition cannot be considered by this Court,

because this Court lacks personal jurisdiction over the "person having custody of the person

detained," as also required by 28 U.S.C. § 2243. See Rumsfeld v. Padilla, 542 U.S. 426, 435

(2004) (the proper respondent in a federal habeas action challenging present physical custody is

the warden of the facility where the petitioner is being held); Glascoe v. U.S. Parole

---

[2]    The Notices of Action that are being submitted as Government's Exhibits Seven and
11 show that Petitioner is under the supervision of the U.S. Probation Office in Alexandria,
Virginia, which is in the Eastern District of Virginia.

Commission, 2004 WL 2857284 at *1 (D.C. Cir. December 14, 2004) (per curiam) (only proper respondent in habeas case is the warden of facility in which petitioner was incarcerated when he filed his petition); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (district court may not entertain a habeas petition unless  respondent custodian, the warden of the facility in which petitioner is incarcerated at the time of the filing of his petition, is within its territorial jurisdiction), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (the appropriate respondent in a habeas action is the warden of the prisoner who is the prisoner's custodian, not the United States Parole Commission); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner").

Although Petitioner is currently on parole, this Court still does not have proper jurisdiction to consider Petitioner's habeas petition, because Petitioner is currently under parole supervision in the Commonwealth of Virginia. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a petitioner who is on parole is "in custody" for purposes of the habeas statute); Matthews v. Meese, 644 F. Supp. 380, 381 (D.D.C. 1986) (custodian of a parolee is his parole officer).

Accordingly, since Petitioner's probation is being supervised by the U.S. Probation Office in the Eastern District of Virginia, this Court should transfer the petitioner's petition to the

United States District Court for the Eastern District of Virginia, after giving the petitioner notice

of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey, 864 F.2d

at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District

Court's anticipated action and an opportunity to set forth reasons why the case can (and should)

properly be heard in this jurisdiction").

### CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to

the United States District Court for the Northern District of West Virginia, after giving the

petitioner notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division

_____/s/_____
TRICIA D. FRANCI S
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 457-800
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530
(202) 353-9870

5

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing motion was mailed on the ___9[th]____ day of July, 2008 to defendant, Gregory Horton, 5563 St. Charles Drive, Dale City, Virginia, 22193.


_____/s/_____
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GREGORY HORTON**      :      **Criminal No.  08-548 (PLF)**

                 :

                 :

              **v.**          :

                 :

                 :

**U.S. PAROLE COMMISSION**      :

_____:

## <u>ORDER</u>

        Upon consideration of the U.S. Parole Commission's Motion to Transfer Petitioner's

Petition For Writ of Habeas Corpus, and it appearing to the Court that the petitioner's petition

should be transferred to the United States District Court for the Eastern District of Virginia, it is

this

_____day of _____, 2008, hereby

        **ORDERED** that the petitioner may reply to the government's motion to transfer no later

than _____.  If petitioner does not respond within that time, the Court will

treat the matter as conceded, and transfer the petitioner's petition to the United States District

Court for the Eastern District of Virginia, the district in which the petitioner is currently under

parole supervision.

                                _____

                                HON. PAUL L. FRIEDMAN
                                United States District Judge

Copies to:

Tricia D. Francis
Assistant United States Attorney
Special Proceedings Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
10th Floor
Washington, D.C. 20530

Gregory Horton
5563 St. Charles Drive
Dale City, VA 22193

EXHIBIT ONE

EXHIBIT

```
06-19-2007      *                              SENTENCE MONITORING                        *      PARIC 540*23    SH
10:34:20        *                               COMPUTATION DATA                          *      PAGE 001
                                                AS OF 06-19-2007

REGNO..: 01113-016 NAME: HORTON, GREGORY WILLIAM

FBI NO...........: 275702G              DATE OF BIRTH: ---
ARS1.............: RIV/A-DES
UNIT.............: B                    QUARTERS.....: B05-107L
DETAINERS........: YES                  NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 06-09-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 07-12-2007 VIA PRESUM PAR

-----------------------CURRENT JUDGMENT/WARRANT NO: 030------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F5534-00
JUDGE..........................: BRODERICK
DATE SENTENCED/PROBATION IMPOSED: 08-30-2002
DATE WARRANT ISSUED............: 06-01-2006
DATE WARRANT EXECUTED..........: 08-07-2006
DATE COMMITTED.................: 08-07-2006
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:

RESTITUTION...: PROPERTY: NO    SERVICES: NO    AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010---------------------------
OFFENSE CODE....: 644
OFF/CHG: 22-3812(A), THEFT I (CT D), 22-3823, CREDIT CARD FRAUD,
(CT E),
SENTENCE PROCEDURE............: DC OMNIBUS ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE: 45 MONTHS
NEW SENTENCE IMPOSED..........: 850 DAYS
BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE...............: 07-27-2000

G0005     MORE PAGES TO FOLLOW . . .
```

SH    PARIC 540*23 *                                *    PAGE 002
                                                          *
                    SENTENCE MONITORING                        06-19-2007
                    COMPUTATION DATA                 *    10:34:20
                    AS OF 06-19-2007

REGNO..: 01113-016    NAME: HORTON, GREGORY WILLIAM

------------------------------- CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 01-16-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-18-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 08-07-2006
TOTAL TERM IN EFFECT............: 850 DAYS
TOTAL TERM IN EFFECT CONVERTED..: 2 YEARS        3 MONTHS        27 DAYS
EARLIEST DATE OF OFFENSE........: 07-27-2000

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 12-03-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-03-2008

PRESUMPTIVE PAROLE DATE.........: 07-12-2007
NEXT PAROLE HEARING DATE........: 02-00-2007
TYPE OF HEARING.................: PAROLE PRE-RELEASE REC REV
PROJECTED SATISFACTION DATE.....: 07-12-2007
PROJECTED SATISFACTION METHOD...: PRESUM PAR

REMARKS.......: RELEASE AUDIT COMPLETED 10-30-2006.

G0002        MORE PAGES TO FOLLOW . . .

```
5H      PAR1C  540*23 *          SENTENCE MONITORING              *      06-19-2007
PAGE 003        *               COMPUTATION DATA               *      10:34:20
                                AS OF 06-19-2007

REGNO..: 01113-016 NAME: HORTON, GREGORY WILLIAM

----------------------------- CURRENT DETAINERS: ----------------------------

DETAINER NO..: 003
DATE LODGED..: 11-03-2006
JURISDICTION.: STATE OF VIRGINIA
AUTHORITY....: FAIRFAX COUNTY POLICE DEPARTMENT
CHARGES......: PROBATION VIOLATION ON ORIGINAL CHARGES OF:
               CREDIT CARD FRAUD (CASE# FE-2001-99510)
               IDENTITY FRAUD (CASE# FE-2001-99512)
```

G0002 MORE PAGES TO FOLLOW . . .

```
                                                                 *         06-19-2007
                        SENTENCE MONITORING             *      10:34:20
   5H    PARIC 540*23 *              COMPUTATION DATA
              *                         AS OF 06-15-2004
 PAGE 004
                                                                *              *
REGNO..: 01113-016 NAME: HORTON, GREGORY WILLIAM

                             DATE OF BIRTH:
FBI NO.............: 275702G
ARS1...............: RIV/A-DES
UNIT...............: B                              QUARTERS.....: B05-107L
DETAINERS..........: YES                           NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-26-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 06-15-2004 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 020------------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F5534-00
JUDGE...........................: BRODERICK
DATE SENTENCED/PROBATION IMPOSED: 08-30-2002
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 02-10-2003
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
                         FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED..: $00.00        $00.00          $00.00     $00.00    $200.00
RESTITUTION....: PROPERTY:  NO  SERVICES:  NO  AMOUNT:  $00.00
REMARKS........: CT D - 1 TO 3 YRS CC
                 CT E - 15 MOS TO 45 MOS

-----------------------PRIOR OBLIGATION NO: 010------------------------------
OFFENSE CODE....: 644
OFF/CHG: 22-3812(A)', THEFT I (CT D)', 22-3823, CREDIT CARD FRAUD,
         (CT E)'.
SENTENCE PROCEDURE.........: DC OMNIBUS ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE:  45 MONTHS
                                 45 MONTHS
MINIMUM TERM...............:  15 MONTHS
DATE OF OFFENSE............: 07-27-2000    5H

                        MORE PAGES TO FOLLOW . . .                    G0002
```

SH          PARIC 540*23 *                    *                      PAGE 005
                                     SENTENCE MONITORING
                              *      COMPUTATION DATA                  10:34:20
                                     AS OF 06-15-2004                  06-19-2007

REGNO..: 01113-016 NAME: HORTON, GREGORY WILLIAM

-------------------------- PRIOR COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 02-09-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN...........: 01-15-2003
TOTAL TERM IN EFFECT.............: 45 MONTHS
TOTAL TERM IN EFFECT CONVERTED...: 3 YEARS    9 MONTHS
EARLIEST DATE OF OFFENSE.........: 07-27-2000

                                     FROM DATE    THRU DATE
JAIL CREDIT.....................:    08-18-2000   08-18-2000

TOTAL JAIL CREDIT TIME...........: 1
TOTAL INOPERATIVE TIME...........: 0
STATUTORY GOOD TIME RATE.........: 0
TOTAL SGT POSSIBLE...............: 0
PAROLE ELIGIBILITY...............: 03-24-2004
STATUTORY RELEASE DATE...........: 10-13-2006
TWO THIRDS DATE..................: N/A
180 DAY DATE.....................: N/A
EXPIRATION FULL TERM DATE........: 10-13-2006

PAROLE EFFECTIVE.................: 06-15-2004
PAROLE EFF VERIFICATION DATE.....: 01-09-2004
NEXT PAROLE HEARING DATE.........: 09-00-2003
TYPE OF HEARING..................: INITIAL

ACTUAL SATISFACTION DATE.........: 06-15-2004
ACTUAL SATISFACTION METHOD.......: PAROLE
ACTUAL SATISFACTION FACILITY.....: RIV
ACTUAL SATISFACTION KEYED BY.....: JMW

DAYS REMAINING...................: 850
FINAL PUBLIC LAW DAYS............: 0

RELEASED FROM VIRGINIA DEPARTMENT OF CORRECTIONS ON 01-15-03.
COMP RE-CERTIFIED BY DC RECORDS CENTER ON 02-10-04

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 01113-016 NAME: HORTON, GREGORY WILLIAM

------------------------------- PRIOR DETAINERS: ----------------------------

DETAINER NO..: 002
DATE LODGED..: 06-16-2003
JURISDICTION.: STATE OF DISTRICT OF COLUMBIA
AUTHORITY....: DISTRICT OF COLUMBIA DEPT OF CORRECTIONS
CHARGES......: COUNT F, THEFT II, COUNT I, UNLAWFUL ENTRY- BOTH 180 DAY CONSE
CUTIVE SENTENCES;TRANSPORT TO DC FOR MISD. SENT; MPH
SENTENCE.....: 180 DAYS
DATE RELEASED: 06-15-2004

EXHIBIT TWO

**U.S. Department of Justice**                                        **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HORTON, Gregory                                Institution: Rivers Corr. Institution
Register Number: 01113-016
DCDC No: 195-388                                      Date:    January 9, 2004

---

In the case of the above-named, the following parole action was ordered:

Parole effective June 15, 2004 after the service of 17 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

REASONS:

Your Total Guideline Range is 15-15 months(s). See the attached sheet for the components that make up your Total Guideline Range. These components are Your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 11 months as of December 16, 2003.

After consideration of all factors and information presented, a decision above the Total Guideline Range is warranted because the following circumstances are present: You were in custody 11 months at the time of your hearing and additional time is necessary for release planning purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

EXHIBIT 2

Queued: 01-09-2004 11:26:08 BOP-Rivers Correctional Institution |

HORTON 01113-016                    -2-                    Clerk: MDD



cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

Queued: 01-09-2004 11:26:08 BOP-Rivers Correctional Institution |

HORTON 01113-016                                    -3-                                    Clerk: MDD

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One or three = 1; Two or three = 2; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment, at least three years, prior to the commencement of the current offense = 1; Otherwise = 0 |
| 1 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0 |
| 3 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

### BASE POINT SCORE

| Your Pts | Base Point Score Category Explanations |
|---|---|
| 3 | **I** - Contribution from Salient Factor Score 10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3 |
| 0 | **II** - Current or Prior Violence Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1 |
| 0 | **III** - Death of Victim or High Level Violence (Category III) points are added to points scored in Categories I and II) Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or other violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1 |
| 3 | **Base Point Score** (sum I-III above) |

## DISCIPLINARY GUIDELINES

**Not Applicable**

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## TOTAL GUIDELINE RANGE

| | | |
|---|---|---|
| | **0 — 0** | Base Point Score Guideline Range |
| | **15 — 15** | Months Required to Serve to Parole Eligibility Date |
| | **0 — 0** | Disciplinary Guideline Range |
| less | **0 — 0** | Superior Program Achievement Award (if applicable) |
| | **15 — 15** | **Total Guideline Range** |

| Base Point Score Guideline Range | |
|---|---|
| Base Point Score | Guideline Range |
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 136-172 months |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

EXHIBIT THREE



JUN 14 2004

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**
**Parole to the custody of detaining authorities;**
**D.C. Department of Corrections, to serve the consecutive terms.**

Having determined that (1) **Horton, Gregory**, Register No. **01113-016**, (DCDC No. 195-388) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **June 15, 2004** and remain under parole supervision through **October 13, 2006**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 2, 2004.

UNITED STATES PAROLE COMMISSION

Jo-Ann L Kelley

By: Joann L. Kelley, Case Analyst

Docket/Case Number: F5534-00
Initial Risk Category: SFS - 3

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

Gregory W Hort ______ 195-388
Name DCDC No.

Witnessed: Iljuain Case Manager ______ 06/03/04
Name and Title Date

The above-named inmate was released on the 15th day of June, 20 04 with a total of 850 days remaining to be served.

Queued: 06-02-2004 15:14:17 BOP-Rivers Correctional Institution | USPO-Eastern District of Virginia, 1 - Main (Alexandria) |

EXHIBIT 3

Official Certifying Release

Queued: 06-02-2004 15:14:17 BOP-Rivers Correctional Institution | USPO-Eastern District of
Virginia, 1 - Main (Alexandria) |

## SPECIAL CONDITIONS

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics
    to inform that person of a risk of harm.

19. If you are being supervised by COSA, you must submit to the sanctions imposed by the officer supervising
    you within the limits established by an approved schedule of graduated sanctions.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is
    required by law.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that
    conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend
    an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of
    your residence.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support
    or alimony payment that is imposed. You must provide financial information relevant to the payment
    of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a
    financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-
    payment schedule.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support
    without permission from the Commission.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency
    you.

11. You must not associate with a person who has a criminal record without permission from the officer supervising
    not frequent a place where you know a controlled substance is illegally used or distributed.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must

9. You must not possess a dangerous weapon, which includes ammunition.

8. You must not violate any law and must not associate with someone else who is violating any law.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
   vehicle.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband
   and that is in plain view in your possession, including in your residence, place of business or employment, and

5. You must permit the officer supervising you to visit your place of residence and your place of business or
   employment.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-
   enforcement officer, (B) a change in your residence, or (C) a change in your employment.

3. You must, between the first and third day of each month, make a written report to the officer supervising you.
   In addition, you must meet with the officer supervising you at such times and in such a manner as that officer
   directs, and provide such information as that officer requests. All information that you provide to the officer

2. You must not leave the Eastern District of Virginia without the written permission of the officer supervising
   you. For the purpose of applying all conditions of release, "the officer supervising you" includes any
   supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

## GENERAL CONDITIONS

B. If you are not released to the community after your parole, you must follow the instructions in I.A. above
   when you are released to the community.

1. A. You must go directly to the Eastern District of Virginia and appear in person at the United States Probation
      Office designated to supervise you. If you are unable to appear in person at that office within three days of
      release, you must appear in person at the United States Probation Office nearest to you and follow the
      instructions of the duty officer.

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this
certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a
warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.



In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

EXHIBIT FOUR

EXHIBIT
↑

Horton, Gregory
Reg. No. 01113-016    DCDC No. 195-388

---

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name ............................... **Horton, Gregory**

| | |
|---|---|
| Reg. No. ........................... **01113-016** | Date ................................ **June 1, 2006** |
| DCDC No. .......................... **195-388** | Termination of Supervision ..... **10-13-2006** |
| FBI No. ............................. **575 70 2G** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ......................... | Offender Is On Mandatory Release, Termination |
| Race ............................... **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date .................... **11-16-2005** |
| | Released ........................... **6-15-2004** |

Sentence Length .......... **45 Months (DC Omnibus)**
Original Offense ......... **Theft I, Credit Card Fraud**

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 – Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Cocaine Metabolite on 11-16-05, 1-9, 2-10, 2-27-06

This charge is based on the information contained in the violation report dated 3-9-06 from supervising officer Daniel Zapata and corresponding drug report.

I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 2 – Violation of Special Condition (Drug Aftercare).** The releasee failed to keep appointments with the drug aftercare program on 2-23-06. This charge is based on the information contained in the violation report dated 3-9-06 from supervising officer Daniel Zapata.

I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 3-6-06 as directed. This charge is based on the information contained in the violation report dated 3-9-06 from supervising officer Daniel Zapata.

I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 4 - Law Violation – a) Theft over $500 b) Credit Card Fraud.** On 3-13-06, the releasee attempted to purchase $595.81 in merchandise from Lord & Taylor department store under a false name using false identification. When searched the releasee was found in possession of receipts from Hecht's and Nordstrom's department stores as well as different drivers licenses and credit reports. Upon further investigation it was revealed that the releasee bought a bracelet from Nordstrom's valued at $876.75 and made a jewelry purchase at Hecht's. The releasee was arrested by Howard County Police for the above-cited offenses on the same day. This charge is based on the information contained in the violation report dated 3-17-06 from supervising officer Christopher Mangione and a police report dated 3-14-06. Status of Custody/Criminal Proceedings: Unknown.

a) I ADMIT [  ] or DENY [  ] this charge.
b) I ADMIT [  ] or DENY [  ] this charge.

**Preliminary Interview Is Required**

Warrant Issued ..................... **June 1, 2006**

Warrant Recommended By:

Jordann Randall, Case Analyst Trainee
U.S. Parole Commission

U.S. Probation Office Requesting Warrant: Eastern District of Virginia, I - Main (Alexandria)

EXHIBIT FIVE

EXHIBIT 5

Horton, Gregory
Reg. No. 01113-016   DCDC No. 195-388

# D.C. PROBABLE CAUSE HEARING DIGEST

Name: ................................ Horton, Gregory          Date Warrant Executed: 8.7.06

Reg. No. ........................ 01113-016                    Hearing Date: 8-11-06

Type of Release: ................. Parole                      Examiner: BE K(s)(nd)

Full Term Date When Warrant Issued: 10-13-2006                Supervision Officer: Daniel Zapata

**Attorney at Probable Cause Hearing:**

[ / ] PDS    [ ] Other    [ ] None

Name: RITTER, LD

Address: 

Phone: 

**Attorney Representing Subject at Revocation Hearing:**

[ / ] PDS    [ ] Other    [ ] Unknown

Name: RITTER

Address: 

Phone: 

**I. Items Advised** [Check that the subject has been advised of the following two rights]:

[✓] Advised of Right to a Probable Cause Hearing   [✓] Advised of Right to Attorney

**II. Reason For Not Conducting Probable Cause Hearing**

[If Probable Cause Hearing not conducted, indicate the reason]:

[ ] Postponed to Next Docket [If so, provide reason for postponement and omit rest of form.]

    [ ] At Request of Attorney/Prisoner          [ ] Prisoner Unavailable

    [ ] Other Reason:

[ ] Combined Probable Cause/Revocation Scheduled [If so, skip to VI. Revocation Hearing.]

## III.  Review of Charges:

**Charge No. 1  –  Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

[X] **Probable Cause Found.**  After considering the violation report dated 3-9-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1.  Additional reasons for probable cause finding:

_____

_____

_____

[ ] **No Probable Cause Found**

**Charge No. 2  –  Violation of Special Condition (Drug Aftercare).**

[ ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

[ ] **Probable Cause Found.**  After considering the violation report dated 3-9-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2.  Additional reasons for probable cause finding:

Horton, Gregory
Reg. No. 01113-016    DCDC No. 195-388

[ ] No Probable Cause Found

**Charge No. 3 - Failure to Report to Supervising Officer as Directed**

[ ] ADMITS    [X] DENIES

The Subject's Response:

[X] **Probable Cause Found.** After considering the violation report dated 3-9-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[ ] No Probable Cause Found

**Charge No. 4 - Law Violation – a) Theft over $500 b) Credit Card Fraud**

[ ] ADMITS    [X] DENIES

The Subject's Response:

Horton, Gregory
**Reg. No. 01113-016    DCDC No. 195-388**

Horton, Gregory
Reg. No. 01113-016    DCDC No. 195-388

[ X ] **Probable Cause Found.** After considering the violation report dated 3-17-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge. Discharge from Custody immediately and

[  ] **Reinstate to Supervision** or [  ] **Close Case** [if expiration date has passed]

[  ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

[  ] **Summon** to revocation hearing or [  ] **Terminate** revocation proceedings

Reason for Release/Summons:

Horton, Gregory
Reg. No. 0113-016    DCDC No. 195-388

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Daniel Zapata
Status: _X_ Approved     _____ Not Approved     _____ Pending Further Review

Police Officer: Howard County PoLiCe
Name: Jason Dicerbo (Badge No.4983)
Status: _X_ Approved     _____ Not Approved     _____ Pending Further Review

(TOWNSEN), (ETC, HoWARD Co. PoLiCe)

## VII. Adverse Witnesses Requested by Subject:

Name: (TOWNSON)
Address: 10 ANY'S ANYONE THE ULPC
Phone No.
Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

Reason for Denial:

Name:
Address:
Phone No.
Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

Reason for Denial:

Name:
Address:
Phone No.
Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

**IX.    Revocation Hearing:**

[X] Local Revocation or    [ ] Combined Probable Cause/Local Revocation on:

**Location:** [X] CTF  [ ] DC Jail  **Date:** 9-11-2006  **Time:** [X] am  [ ] pm

[ ] Other at _____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address:  continue.hearing@usdoj.gov**

_Attorney/Prisoner_ _____    _Date_  8-11-06

_Additional Text:_

**Disclosure Documents:**  Warrant dated 6-1-06, Warrant Application dated 6-1-06, Violation Report dated 3-17-06 with attachments, Parole Certificate dated 6-2-04, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_Examiner_ _____    _Date_  8/11/2006

_Attorney/Prisoner_ _____    _Date_  8-11-06

Horton, Gregory
Reg. No. 01113-016    DCDC No. 195-388

Reason for Denial:________________________________________________

________________________________________________

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:________________________________________________

Address:________________________________________________

Phone No.________________________________________________

Reason for Denial:________________________________________________

________________________________________________

Name:________________________________________________

Address:________________________________________________

Phone No.________________________________________________

Reason for Denial:________________________________________________

________________________________________________

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*

The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (or had read to me) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (Initial one of the choices below:)

X (A) ( *Greg* ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

x _Gregory M. Heard_                x _____
(Date)   08 - 11 - 200 7              (Signature of Parolee or Releasee)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.*

The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(     ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

+ ( GwH ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

x Gregory Hinton
(Signature of Parolee or Releasee)

x 08-11-2006
(Date)

Gregory K Rolf PhD
(Signature of Hearing Examiner)

8/11/2006
(Date)

Before The
UNITED STATES PAROLE COMMISSION

Name: GREGORY HORTON    Register No. 01113-016    DCDC No. 196 388

(Select all that apply)

For Probable Cause Hearing                    For Revocation Hearing

STATEMENT OF PAROLEE OR MANDATORY RELEASEE
CONCERNING REQUEST FOR COUNSEL

I, GREGORY HORTON, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

(initials)    x Mull

I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

(initials)    x Mull

I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

I am
    employed        unemployed
If employed, state weekly income
If self-employed, state average weekly income        $
Cash on hand and in bank        $
Number of dependents
Property Owned        $

I certify the above to be correct.

x _____    08-11-2006
(Signature of Applicant and Date)

Witness:

_____
(Signature, Title and Date)

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 001).

...gun from D.C. Public Defender Servic

the above-named applicant will be represented by

D. Ritter  824 2426
(Name and Phone Number)

care of has been called: U.S. Parole Commission, Attn: Care Services, (301) 492-5521.

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range. If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

________________________________________

________________________________________

Alleged Violator: x Gregory Horton — Print Name; x 01113-016 — Register No.

x [signature] — Signature; x 8-11-2006 — Date

Attorney: D. [signature] — Signature; 8-11-06 — Date

USPC Examiner: [signature] — Signature; 8/11/2006 — Date

WILL NEED TO DETERMINE THE AMOUNT OF CREDIT EXTENDED TO SUBJECT, ALONG WITH TOTAL OF ACTUAL PURCHASES MADE TO DETERMINE ELIGIBILITY FOR EXPEDITED OFFER — [initials]

EXHIBIT SIX

EXHIBIT SEVEN

EXHIBIT

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: HORTON, Gregory
Register Number: 01113-016
DCDC No: 195-388

Institution: D.C. Correctional Treatment Facility    Date: September 11, 2006

## ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on August 11, 2006 and approved by the Commission on 9/6/2006:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a presumptive parole on December 6, 2007 after the service of 16 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it should also be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Charge No. 2 - Violation of Special Condition (Drug Aftercare)

Charge No. 3 - Failure to Report for Supervision

Charge No. 4 - Law Violation - (a) Theft over $500; (b) Credit card fraud

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

**REASONS:**

Your parole violation has been rated as Category Two severity because it involved credit card fraud less than $2,000. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of September 7, 2006, you have been in confinement as a result of your violation behavior for a total of 12 month(s). Guidelines established by the Commission indicate a customary range of 16-22 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Dupin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

       D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       Eastern District of Virginia
       401 U.S. Courthouse Square
       Alexandria, VA 22314-5701

       Deborah Rfiler
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: Sean McLeod





## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 3; One or two = 2; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

EXHIBIT EIGHT

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | |
|---|---|---|
| Name: HORTON, Gregory | Institution: D.C. – C.T.F. | |
| Register Number: 01113-016 | | |
| DCDC No: 195-388 | Date: | November 7, 2006 |

In the case of the above-named, the following action was ordered:

Reopen and advance previously ordered presumptive parole date of December 6, 2007 per 28 CFR 2.28(a), new and significant information.

You were incarcerated in Howard County Department of Corrections from March 13, 2006 until the date of your warrant execution. Thus, the decision to grant parole after the service of 76 months will occur on July 12, 2007.

Continue to a presumptive parole July 12, 2007 after the service of 76 months in local and federal custody.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave., N.W., Room 1400
Washington, D.C. 20001
Warrants – Attn: David Baldwin

Deborah Ritter
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001

HORTON 01113-016                                    -1-                                    Clerk  MDD

Queued: 11-07-2006 09:11:25 BOP-D.C. Correctional Treatment Facility | USM-District of Columbia - District Court, D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |

EXHIBIT

EXHIBIT NINE

U.S. Department of Justice
United States Parole Commission

# CERTIFICATE OF PAROLE TO DETAINING AUTHORITIES

**District of Columbia Offender**

**(Detainer From Authority Other Than D.C. Board of Parole or U.S. Parole Commission)**

**PAROLE EFFECTIVE JULY 12, 2007 TO THE ACTUAL PHYSICAL CUSTODY OF THE DETAINING AUTHORITIES**

**NOTE: THIS CERTIFICATE IS NULL AND VOID IF THE DETAINER IS NOT EXERCISED AND IT MUST THEN BE RETURNED TO THE COMMISSION.**

Having determined that (1) Horton, Gregory, Register No. 01113-016, (DCDC No. 195-388) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on July 12, 2007 and remain under parole supervision through December 3, 2008. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 29, 2007.

UNITED STATES PAROLE COMMISSION

Dawn M. Booze-Hill

Dawn M. Booze-Hill, Case Services Technician

Docket/Case Number: F5314-00
Initial Risk Category: SFS

Acknowledgment of Release Conditions

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

Consent to the Disclosure of Drug/Alcohol Treatment Information

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug/alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

[signature] 195-388
Name DCDC No.

Witnessed: E. Hardy, Case Manager 6-29-07
Name and Title Date

The above-named inmate was released on the 12th day of July, 2007 with a total of 510 days remaining to be served.

Queued: 06-29-2007 09:44:22 BOP-Rivers CI |

EXHIBIT 9

K H Johnson, UM
Official Certifying Release

U.S. PAROLE COMMISSION • DEPARTMENT OF JUSTICE •
QUI PRO DOMINA JUSTITIA SEQUITUR

Queued: 06-29-2007 09:44:22 BOP-Rivers CI |

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within two days of: (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
8. You must not violate any law, and must not associate with anyone who is violating any law.
9. You must not possess a dangerous weapon or ammunition.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into an agreement to act as an informant or special agent for a law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court cost or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 06-29-2007 09:44:22 BOP-Rivers CI |

Queued: 06-29-2007 09:44:22 BOP-Rivers CI |



## SPECIAL CONDITIONS

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

EXHIBIT 10

| | |
|---|---|
| **U.S. DEPARTMENT OF JUSTICE** | **WARRANT APPLICATION** |
| **UNITED STATES PAROLE COMMISSION** | **D.C. Code Offender** |

| | | | |
|---|---|---|---|
| Name .................................. | **Horton, Gregory** | | |
| Reg. No .............................. | 0113-016 | Termination of Supervision: ........ 12-3-2008 | |
| DCDC No. .......................... | 195-388 | [If Conviction Offense Before April 11, 1987 And | |
| FBI No. ............................... | 275170Z | Offender is On Mandatory Release, Termination | |
| Race ................................... | **Black** | Date is 180 Days Prior To Full Term] | |
| | | Violation Date ......................... 12-21-2007 | |
| Birth Date ........................... | | Released ................................. July 12, 2007 to a | |
| | | Fairfax County, Virginia, detainer; released to | |
| Date ................................... | **February 11, 2008** | the community on 12-18-2007 | |

Sentence Length.............45 months (Omnibus Original); 850 days (Parole Violator Term)
Original Offense .......... **Theft; Credit Card Fraud**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Report for Supervision.** The releasee failed to report for supervision, and the releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 1-4-2008 from supervising officer Daniel Spatafora.

I ADMIT [ ] or DENY [ ] the above charge.

**Probable Cause Hearing Is Required**

Warrant Issued.................. **February 11, 2008**

**Warrant Recommended By:**

**Scott Kubic, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit V-Team 10, 300 Indiana Avenue**

# EXHIBIT 11

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | | |
|---|---|---|---|
| Name: Horton, Gregory | | Institution: U.S. Marshals—D.C. | |
| Register Number: 01113-016 | | | |
| DCDC No: 195-388 | | Date: March 20, 2008 | |

In the case of the above-named, the following action was ordered:

Withdraw warrant dated February 11, 2008 and continue on supervision.

**INSTRUCTIONS TO U.S. MARSHAL: Return the unexecuted warrant to this office as soon as possible.**

**THE ABOVE DECISION IS NOT APPEALABLE.**

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:

Christopher Mangione
U.S. Probation Office
Eastern District of Virginia
401 U.S. Courthouse Square
Alexandria, VA 22314-5704

Daniel Spatafora
General Supervision Unit V, Team 10
CSOSA
300 Indiana Avenue, N.W., Room 2053
Washington, D.C. 20001

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001

Queued: 03-20-2008 08:51:53 USM-District of Columbia - District Court | USPO-Eastern District of Virginia, 1 - Main | (Alexandria) |

EXHIBIT