UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY W. HORTON, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 08-0548 (PLF) |
| U.S. PAROLE COMMISSION, | ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM OPINION

In this *pro se* action for a writ of *habeas corpus*, petitioner claims that the United States Parole Commission ("the Commission"), upon revoking his parole in 2006, improperly rescinded credit for time he had served at the District of Columbia Jail. Upon consideration of the parties' submissions and the entire record, the Court finds no grounds for issuing the writ. It therefore will deny the application and dismiss the case.[1]

---

[1] Petitioner is a District of Columbia prisoner currently confined at the Rivers Correctional Institution in Winton, North Carolina. The Eastern District of Virginia transferred the case back to this judicial district by Order of January 16, 2009, because petitioner was being held at the District's Central Detention Facility on a parole violator warrant. *See* Dkt. No. 14 (transfer order). Given the transfer history of this case, the parties' briefing of the merits and the outcome, the Court does not find it in the interest of justice to further delay the inevitable by transferring the habeas petition to the judicial district having jurisdiction over petitioner's current custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426, 438 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (designating proper habeas respondent as the petitioner's warden or immediate custodian); *Lee v. Reno*, 15 F. Supp.2d 26, 43 (D.D.C. 1998) (finding that the government had waived "any objection to this Court exercising jurisdiction over [habeas petitioner's custodian in Virginia]").

I.  BACKGROUND

On August 30, 2002, the Superior Court of the District of Columbia sentenced petitioner to concurrent prison terms of one to three years for first degree theft and 15 to 45 months for credit card fraud and to consecutive prison terms of 180 days for second degree theft and 180 days for unlawful entry.  Government's Opposition to Petitioner's Petition for Writ of *Habeas Corpus* Under Section 2241 ("Gov't Opp'n"), Ex. A.  On June 15, 2004, the Commission granted petitioner parole with a sentence expiration date of October 13, 2006, Ex. B, but instead of being released to parole supervision, petitioner was transported pursuant to a District of Columbia Department of Corrections' detainer from the Rivers Correctional Institution in Winton, North Carolina, to the District of Columbia Jail to serve the 180-day consecutive misdemeanor sentences.  *Id*.; Petitioner's Response to Government's Opposition to Petitioner's Petition for Writ of *Habeas Corpus* Under 28 U.S.C. Section 2441 ("Pet'r Resp.") at 2.  Petitioner was released to parole supervision on June 10, 2005.  Pet'r. Resp. at 2.

On March 13, 2006, petitioner was arrested in Howard County, Maryland, for attempting to use a fraudulent credit card.  Gov't Ex. C.  Based on that arrest and other non-criminal charges, the Commission issued a parole violator warrant on June 1, 2006, which was executed on August 7, 2006.  Ex. D.  On August 11, 2006, petitioner and his attorney signed a form captioned "Advanced Consent to Expedited Revocation Decision" that, among, other things, acknowledged petitioner's acceptance of parole revocation and the forfeiture of credit for time spent on parole ("street-time credit").  Ex. E.  By notice of September 11, 2006, the Commission revoked petitioner's parole, rescinded his street-time credit and set a re-parole date of December 6, 2007, after his service of 16 months' imprisonment.  Ex. F.  By notice of

November 7, 2006, the Commission reopened petitioner's case to acknowledge his incarceration in Howard County from March 13, 2006 to August 7, 2006, and modified the re-parole date to July 12, 2007.  Ex. G.  Petitioner was released to parole supervision on July 12, 2007, with a sentence expiration date of December 3, 2008.  Ex. H.  He filed this action on March 26, 2008, while on parole or probation in Virginia.  *See* Government's Motion to Transfer Petitioner's Petition for Writ of *Habeas Corpus* [Dkt. No. 6] at 3 & n.2.

On August 25, 2008, the Commission issued a parole violator warrant, which was executed on October 6, 2008.  Gov't Ex. I.  Following a revocation hearing, the Commission revoked petitioner's parole by notice of January 31, 2009, rescinded his street-time credit and ordered petitioner to serve his sentence, which now will expire on February 27, 2010.  Exs. J-K.

## II.  DISCUSSION

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner has not identified a particular constitutional violation, but it is established that District of Columbia prisoners do not have a liberty interest in parole or credit earned therefrom.  *See Ellis v. District of Columbia*, 84 F.3d 1414, 1415-20 (D.C. Cir. 1996); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987).  Petitioner contends that the Commission should not have included the year he spent at the District of Columbia Jail in the calculation of forfeited street time.  Respondent has not disputed that it included in its calculation of forfeited time the time that petitioner served at the D.C. Jail but rather argues that the claim is without merit because "time on parole includes any time the

parolee may have spent in confinement prior to the execution of the Commission's [violator] warrant." Gov't Opp'n at 4.

District of Columbia law, which the Commission follows in making parole decisions about D.C. Code offenders, requires that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody, or on parole in accordance with § 24-406, as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a). Under the statute applicable to this case,

> [i]f the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. . . . The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

D.C. Code § 24-406(a).[2] The controlling regulation states that "a parolee whose parole is revoked . . . shall receive no credit toward his sentence for time spent on parole, including any time the parolee may have spent in confinement on other sentences . . . prior to the execution of the Commission's warrant." 28 C.F.R. § 2.105(d); *cf. Carrington v. Hadden*, 907 F.2d 1137 (4th Cir. 1990)(Table) ("Parole to a state detainer is an authorized form of parole under parole regulations and constitutes "parole" within the meaning of the Parole Commission and Reorganization Act[.]") (citations omitted).

---

[2] Pursuant to a recent amendment to the statute, the Commission must order the forfeiture of street-time credit only "[i]f a parolee is convicted of a crime committed during a period of parole," and for those crimes punishable by a prison term of one year or less, it need not do so if it "determines that such forfeiture of credit is not necessary to protect the public welfare." D.C. Code § 24-406(c)(2) (May 20, 2009). This new provision, which abrogates established law requiring the forfeiture of street-time credit under any circumstances following a parole revocation, does "not apply [,as here,] to any period of parole that was revoked prior to May []2009." D.C. Code § 24-406(d).

Petitioner contends that he was not serving an "other" sentence but rather the misdemeanor portion of the sentence from which he was paroled. Pet'r. Resp. at 4. He does not explain how this distinction supports an unlawful sentence, nor does he claim that he was denied credit for the 360 days he served at the D.C. Jail on the misdemeanor counts. Furthermore, the record establishes that petitioner had not completed the sentence for the felony counts at the time of the challenged action. He therefore remained under the Commission's parole supervision in March 2006 when he was arrested in Howard County; in June 2006 when the violator warrant was issued; and in August 2006 when the warrant was executed. *See Sutherland v. District of Columbia Bd. of Parole*, 366 F. Supp. 270, 271 (D.D.C. 1973) ("It is firmly established that a parole board secures its jurisdiction over a parolee by issuing a violation warrant before the date of parole expiration[.]") (citing *Shelton v. United States Bd. of Parole*, 388 F.2d 567 (1967)).

For the foregoing reasons, the application for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 21, 2009